Maurice Waller et al., as Successor Trustees under the Will of Thomas W. Waller, Also Known as Thomas "Fats" Waller, Deceased, Plaintiffs, *v.* Radio Corporation of America et al., Defendants.

Supreme Court, Special Term, New York County, May 23, 1962.

*John Windsor* for plaintiffs. *Meyer Schwartz* for Morton Miller, defendant. *Milton Gerber* for Wallace T. (Ed) Kirkeby and another, defendants.

IRVING H. SAYPOL, J. Defendant Miller moves for dismissal, pursuant to section 241 of the Civil Practice Act and subdivision 4 of rule 106 of the Rules of Civil Practice, of the second and third causes of action contained in the third amended complaint, or in the alternative that plaintiff be required, pursuant to rule 90, to serve a fourth amended complaint in which the causes contained in the second and third causes of action will be separately stated and numbered.

By separate motion, the defendants Kirkeby and C-R Publishing Co. move for dismissal of the first cause of action, pursuant to subdivision 4 of rule 106, and for dismissal of the second and third causes, pursuant to section 241 of the Civil Practice Act and subdivision 4 of rule 106. The third amended complaint was served pursuant to an order granting final leave to replead.

Involved in this controversy are musical compositions, copyrights and royalties payable on recordings and compositions of the deceased, all constituting, an alleged, part of the residuary estate of the deceased. The first cause asserted against the

defendants Kirkeby and Radio Corporation of America [R. C. A.] is an action for declaratory judgment, plaintiffs contending that a certain assignment dated and executed January 30, 1950, is invalid at least to the extent that it directed the defendant R. C. A. to make payment to the defendant Kirkeby of a portion of the royalties which became payable to the defendant R. C. A. by reason of the sale of recordings of the deceased. Invalidity is rested on the provisions of section 15 of the Personal Property Law and on claimed absence of consideration. It is alleged that the defendants Kirkeby and R. C. A. contend that the assignment dated January 30, 1950, is a binding agreement. The sole objection raised to the first cause is that it is unnecessary, that plaintiffs have adequate remedy at law and have in fact by the other causes sought enforcement of plaintiffs' rights and rescission and annulment of the agreement.

In their statement of the third cause of action in equity asserted against the defendants Kirkeby, C-R Publishing Co. and Miller, the material allegations of the first cause are not repeated. There, the plaintiffs rely, among other things, on an alleged fiduciary relationship existing since February, 1950, when plaintiffs became successor trustees under the will of the deceased and until April, 1959, between plaintiffs and the defendant Miller. The latter had been the legal representative of his brother, the predecessor trustee. The assignment had been executed the day before the predecessor resigned. The basic contention is that Kirkeby's claim of right to receive royalties under the assignment was and is fraudulent and fictitious and known to be so by the defendant Miller, who nevertheless, continued the fraud by concealment from the plaintiffs and faithless performance of duty.

In the second cause of action at law asserted against the defendants Kirkeby, R. C. A. and Miller, plaintiffs allege an absence of consideration for the execution and delivery of assignment, knowledge on the part of the defendants that the assignment was and is void under the provisions of section 15 of the Personal Property Law and under the provisions of the will of the deceased. Accordingly, defendants are charged with having received moneys for the benefit of the plaintiffs which they have refused to pay over upon demand.

The third cause of action involves matters and grounds of relief with which the first cause is not concerned. The allegations of the first and second causes are essentially parallel. However, while not all the parties to the agreement are parties

to the first cause and defect of party, if any, is not a ground for dismissal, yet not all the parties to the second cause would be proper parties to the first cause of action. There is no sound ground in the exercise of discretion to refuse to entertain jurisdiction of the first cause.

The second cause is sufficient as a basis for recovery of moneys had and received as to the defendants Kirkeby and R. C. A., but it is insufficient as to the defendant Miller. The allegations of paragraphs 16, 17 and 18 pertaining to the defendant Miller are relevant only to the sum paid by the defendant R. C. A. to the defendant Miller on account of a claim for compensation for legal services rendered and such payment was made pursuant to judicial action and order, as to which an appeal is pending. That claim is not a proper subject of litigation in this cause to recover money had and received.

As to the third cause, sufficient is alleged to support a recovery upon some theory against all of the defendants therein named. There is sufficient alleged, at least as to the contention that the defendants acted in concert in producing a breach of trust and payment to others of moneys known to belong to the estate. However, the third cause is concerned with fraudulent payments under the assignment of January 30, 1950, Kirkeby's fictitious claim of right thereunder and with musical compositions and copyrights. The defendant C-R Publishing Co. is concerned seemingly only with a transfer to it of the musical compositions and copyrights. Thus, while the third cause may not be held to be insufficient as to any defendant, it does state more than one cause of action.

Accordingly, the motions are granted to the extent of dismissing the third cause of action as to all of the moving defendants pursuant to section 241 of the Civil Practice Act and dismissing the second cause of action as to the defendant Miller pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice and requiring plaintiffs to replead the third cause of action as to all of the moving defendants so as to separately state and number the causes therein contained. The motions are in all other respects denied. Plaintiffs may serve an amended complaint within 20 days from service of a copy of this order with notice of entry, but such leave is granted only to reallege the matters involved in the third cause by the separate numbering and statement of the causes therein.